## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

J.S., K.S., C.S., and J.S., Minors via
Guardian and Parent SCOTT SELMER,

      Plaintiffs,

                              **MEMORANDUM OF LAW & ORDER**

  v.                         Civil No. 11-1537 (MJD/TNL)

SAINT PAUL ACADEMY AND SUMMIT
SCHOOL, BRYN ROBERTS, CHARLES
ZELLE, JILL ROMANS, CYNTHIA
RICHTER, TIMOTHY ELCHERT, ANNE
FIEDLER, JUDY JOHNSON, DAVE
THOMFORD, THOMAS HERBERT, and
PAUL APPLEBAUM,

      Defendants.

Scott Selmer, Conner McAlister Selmer, LLC, Counsel for Plaintiffs.

Ann Huntrods and Michael C. Wilhelm, Briggs & Morgan, P.A., Counsel for
Defendants.

## I.     Introduction

      This matter is before the court on Plaintiff Scott Selmer's Motion to

Reconsider.  [Docket No. 34.]  For the following reasons, the Court will deny the

motion.

1

## II.    Background

This action arises out of events detailed in the Court's February 22, 2012

Memorandum of Law & Order ("February 22 Order").  [Docket No. 32.]  Because

Selmer now argues that the Court should reconsider its dismissal of his

complaint, a review of the procedural history leading to that order is instructive.

Using the Court's electronic filing system ("CM/ECF")—a system in which

Selmer is a registered attorney—Defendants filed their Motion to Dismiss on

November 23, 2011.  [Docket No. 18.]  Following this Court's procedures,

Defendants concurrently filed a Notice of Hearing on Motion with a date and

briefing schedule to be determined.  [Docket No. 19.]  After consultation with

this Court's staff, Defendants filed an Amended Notice of Hearing on Motion on

December 22, 2011.  [Docket No. 24.]  That notice set a hearing for April 6, 2012

and further stated:

> Pursuant to the Court's custom briefing schedule, Plaintiffs'
> memorandum of law in opposition to this motion to dismiss shall be
> filed on or before Thursday, January 12, 2012, and the SPA
> Defendants' reply memorandum of law in support of this motion to
> dismiss shall be filed on or before Thursday, January 19, 2012.

The receipt generated by the Court's CM/ECF system indicates that Selmer

received this notice, and Selmer does not argue to the contrary.

2

Selmer did not file an opposition to Defendants' Motion to Dismiss.  By his own admission, this Court contacted Selmer on January 17, 2012, alerting him of his failure to meet the January 12, 2012 deadline.  On January 19, 2012, Defendants' filed a "Reply," requesting that the Court consider their motion without oral argument pursuant to Local Rule 7.1(e).  [Docket No. 31.]  As above, the CM/ECF system indicates that Selmer received notice of Defendants' Reply and, again, Selmer does not allege otherwise.

More than one month after Defendants filed their Reply, the Court issued its ten-page February 22 Order.  As the Court explained, because Selmer failed to submit an opposition to Defendants' Motion to Dismiss, the Court considered the motion submitted without oral argument under Local Rule 7.1(e).  Considering the merits of Defendants' motion, the Court concluded that Selmer's complaint failed to state a claim upon which relief could be granted.  The Court therefore granted Defendants' Motion to Dismiss under Rule 12(b)(6).

Two weeks after the Court issued the February 22 Order, and nearly two months after the deadline for Selmer's opposition, Selmer filed the instant Motion to Reconsider.  [Docket No. 34.]  Selmer has never filed an opposition to

Defendants' Motion to Dismiss, amended his complaint, or requested a continuance or extension in this matter.

## III.   Discussion

The Local Rules provide that a motion to reconsider may be filed only with the Court's express permission, and then, only "upon a showing of compelling circumstances." L.R. 7.1(g). The Court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 414 (citation omitted). The Court notes that Selmer did not seek or obtain permission before he filed his Motion to Reconsider. Moreover, the Court concludes that the February 22 Order contains no manifest errors.

Selmer has not alleged that he failed to receive the December 22, 2011 Amended Notice of Hearing on Motion, which clearly explained when his opposition was due, or the Defendants' Reply, which noted his failure to file an opposition by the deadline. He further admits that he was contacted by the Court's staff, who further alerted him of his failure to meet the relevant deadlines. He asserts that, while he is admitted to practice before this Court, he

4

is "not experienced in federal court practice" and that his failure to file

responsive documents was not intentional.  He argues that the Court's decision

to dismiss his claims with prejudice was therefore overly harsh.

In support of his motion, Selmer references cases relating to dismissals

granted pursuant to Federal Rule of Civil Procedure 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any
> claim against it. Unless the dismissal order states otherwise, a
> dismissal under this subdivision (b) and any dismissal not under
> this rule--except one for lack of jurisdiction, improper venue, or
> failure to join a party under Rule 19--operates as an adjudication on
> the merits.

Rule 41(b) provides a sanction against plaintiffs who fail to prosecute their

claims.  It allows a Court to dismiss an action or claim, <u>without reference to the</u>

<u>substantive merits of the case</u>.  Without deciding whether a Rule 41(b) dismissal

might also have been warranted in this case, the Court notes that neither the

Defendants' Motion to Dismiss nor the Court's February 22, 2012 Order relied on

Rule 41(b).  The Court's ruling was instead based on the merits of Defendants'

arguments under Rule 12(b)(6) and the substance of Selmer's complaint.

In short, the Court did not dismiss Selmer's complaint, as Selmer states,

"because [he] failed to timely file responsive documents."   The Court's only

decision based on Selmer's failure to file an opposition was its decision to

consider the case submitted without oral argument.  That decision was made

pursuant to Local Rule 7.1(e), which provides:

> In the event a party fails to timely deliver and serve a memorandum
> of law, the Court may strike the hearing from its motion calendar,
> continue the hearing, refuse to permit oral argument by the party
> not filing the required statement, consider the matter submitted
> without oral argument, allow reasonable attorney's fees, or proceed
> in such other manner as the Court deems appropriate.

Because the Court dismissed Selmer's complaint due to a failure to state a claim

upon which relief could be granted, not due to Selmer's failure to prosecute his

case, Selmer's references to cases related to Rule 41(b) dismissal are inapposite.

Selmer further argues that the Court should not have granted Defendants'

Motion to Dismiss without allowing for discovery.  As the Eighth Circuit has

explained, however, "[d]iscovery should <u>follow</u> the filing of a well-pleaded

complaint.  It is not a device to enable a plaintiff to make a case when his

complaint has failed to state a claim."  <u>Kaylor v. Fields</u>, 661 F.2d 1177, 1184 (8th

Cir. 1981) (emphasis added).  Where all of the allegations contained in a

complaint are "disposed of on legal grounds," discovery is "not necessary."  <u>Id.</u>

The facts and procedure relevant to the disposition of Selmer's Motion to

Reconsider can be summarized as follows:  Selmer is an attorney admitted to

practice in this Court.  Clear deadlines were set in this case.  At each step, Selmer

was notified of those deadlines.  The deadlines expired without any response

from Selmer.  After the deadlines expired and in light of Selmer's failure to

respond, the Court concluded that a hearing was not required.  Finally, after a

thorough examination of Selmer's complaint, the Court granted Defendants'

Motion to Dismiss.  Only after the deadlines had expired and the Court had

ruled did Selmer challenge Defendants' Motion to Dismiss through his Motion to

Reconsider.  Because Selmer has shown neither the requisite compelling

circumstances nor a manifest error of law or fact in the February 22 Order, his

Motion to Reconsider cannot succeed.


Accordingly, based on the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Plaintiffs' Motion to Reconsider [Docket No. 34] is

**DENIED.**


Dated:   March 22, 2012                         s/ Michael J. Davis
                                                Michael J. Davis
                                                Chief Judge
                                                United States District Court