UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J.S., K.S., C.S., and J.S., Minors via
Guardian and Parent SCOTT SELMER,

      Plaintiffs,

  v.

SAINT PAUL ACADEMY AND SUMMIT
SCHOOL, BRYN ROBERTS, CHARLES
ZELLE, JILL ROMANS, CYNTHIA
RICHTER, TIMOTHY ELCHERT, ANNE
FIEDLER, JUDY JOHNSON, DAVE
THOMFORD, THOMAS HERBERT, and
PAUL APPLEBAUM,

      Defendants.

**MEMORANDUM OF LAW & ORDER**
Civil No. 11-1537 (MJD/TNL)

Scott Selmer, Conner McAlister Selmer, LLC, Counsel for Plaintiffs.

Ann Huntrods and Michael C. Wilhelm, Briggs & Morgan, P.A., Counsel for Defendants.

**I.     Introduction**

This matter is before the court on Plaintiff Scott Selmer's Motion for Relief from Judgment and Order [Docket No. 39] and Motion to Extend Time [Docket No. 44]. For the following reasons, the Court will deny the motions.

1

**II.     Background**

The facts and procedural history in this case are discussed in detail in the Court's previous Orders. [Docket Nos. 32 and 38.] The relevant procedure is as follows: Plaintiff—an attorney admitted to practice before this Court—filed this action on behalf of himself and his minor children. Defendants moved to dismiss on November 23, 2011. [Docket No. 18.] Plaintiff's opposition to that motion was due on January 12, 2012. [See Docket No. 24.] The Court's staff contacted Plaintiff when he failed to meet that deadline, but Plaintiff nevertheless neglected to file an opposition or a motion to extend the relevant deadlines. On February 22, 2012, over one month after the January 12 deadline and after receiving a timely "reply" from Defendants, the Court granted Defendants' motion to dismiss on the merits, based on an analysis of Plaintiff's complaint and the relevant law. [Docket No. 32.]

Without seeking the Court's permission as required by the Local Rules, see L.R. 7.1(g)-(h), Plaintiff filed a motion to reconsider accompanied by a Declaration and Memorandum, on March 5, 2012. [Docket Nos. 34-36.] In a March 22, 2012 Memorandum of Law and Order, the Court examined the merits of Plaintiff's motion to reconsider under the appropriate standard. [Docket No.

38.] The Court concluded that Plaintiff had not shown that the Court had committed a manifest error of law or fact. See Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). The Court accordingly denied Plaintiff's motion to reconsider.

**III.   Discussion**

Plaintiff once again seeks to challenge the Court's February 22 Order, this time in the form of a motion under Federal Rule of Civil Procedure 60(b)(1). [1] (Pl.'s Mem. [Docket No. 40.] at 1.) Rule 60(b)(1) states that the Court "may" relieve a party from a final judgment or order upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Rule 60 relief is "extraordinary" and cannot be provided except upon a showing of exceptional circumstances. Jones v. Swanson, 512 F.3d 1045, 4048 (8th Cir. 2008). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

---

[1] In his most recent memorandum Plaintiff asserts that he "has acquired critical evidence since the ruling by the court that was not reasonably available to counsel." (Pl.'s Mem. at 5.) Such evidence would potentially implicate Rule 60(b)(2). Because Plaintiff has provided no additional information about this newly discovered evidence, the Court will not credit the assertion.

In this, his second challenge to the Court's final judgment in this matter, Plaintiff raises a new argument as to the standard of review applied to Plaintiff's purported breach of contract claim.  The Court will not entertain novel legal theories at this late stage.  Plaintiff had ample opportunity to present such theories in opposition to Defendants' motion to dismiss and in his motion for reconsideration.  If the Court were to accept Plaintiff's assertion that his failure to raise a new argument is excusable neglect, the Court

> would be forced to address claims of "excusable neglect" each time a party forgets to raise a particular legal theory or defense at any stage in the proceeding, or neglects to file evidence that would provide a factual basis for a claim.  Such a rule would cause great uncertainty and delay in the disposition of cases.

Jinks, 250 F.3d at 386.  This risk is particularly apparent here, where Plaintiff has yet to provide any reasonable explanation for his failure to comply with the Court's deadlines.

Plaintiff also belatedly asserts that he is entitled to relief because he did not receive "actual notice of the new motion date." (Pl.'s Mem. 1.)  As discussed above and in this Court's previous Orders, an April 6, 2012 hearing was set and noticed on December 22, 2011.  Plaintiff acknowledges that he was aware of the hearing, and the Court's electronic filing ("CM/ECF") system reflects that

Plaintiff was in receipt of the notice setting that date.  The very same notice set out the briefing schedule which included the January 12, 2012 filing deadline for Plaintiff's opposition.  [Docket No. 24.]  There is no question that Plaintiff failed to submit his opposition by that date or that he was aware of that failure—at the very latest—when the Court's staff contacted him shortly after the deadline.

Plaintiff suggests that Defendants "apparently contacted the court's scheduling office and changed the date of the motion for judgment on the pleadings to a different date." (Pl.'s Mem. at 1.)  They did not.  No alternate date for a hearing was ever requested or set.  Rather, in their reply brief submitted on January 19, 2012, Defendants suggested that in the absence of an opposition by Plaintiff the Court could consider the matter without oral argument pursuant to Local Rule 7.1.  Local Rule 7.1(e), quoted by Defendants on January 19, states:

> **Failure to Comply.**  In the event a party fails to timely deliver and serve a memorandum of law, the Court may strike the hearing from its motion calendar, continue the hearing, refuse to permit oral argument by the party not filing the required statement, consider the matter submitted without oral argument, allow reasonable attorney's fees, or proceed in such other manner as the Court deems appropriate.

Plaintiff has never stated that he did not receive Defendants' reply, and the Court's CM/ECF system confirms his receipt of that document at 11:09 a.m. on

January 19, 2012.  To the extent that Defendant now argues that he was unaware of Local Rule 7.1 or the possibility that the motion might be heard on the papers without a hearing, there is no dispute that he was aware of that possibility more than one month before the Court acted on Defendants' suggestion.

The only time that the hearing date was "changed" was when the Court removed the hearing from its calendar upon ruling on Defendants' motion on the papers.  As with all of the documents filed in the CM/ECF system, Plaintiff received notice of that decision.

Plaintiff has also belatedly moved the Court provide him with more time to make motions and amend his pleadings in this matter.  "[D]istrict courts . . . have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored."  <u>United States ex rel. Roop v. Hypoguard USA, Inc.</u>, 559 F.3d 818, 824 (8th Cir. 2009).  In light of the foregoing analysis and the Court's conclusion that relief from the judgment entered on January 23, 2012 is not warranted, the Court declines to permit Plaintiff to amend his pleadings.

The Court notes with some concern that Plaintiff has asserted that he is "counsel inexperienced in the requirements of the court's procedure" and that his representation in this matter was not "adequate."  (Pl.'s Mem. at 5.)  Such

assertions are troubling because Plaintiff is an attorney licensed in the State of Minnesota and admitted to practice before this Court. Defendant has recently participated in matters representing other clients in this Court. <u>See, e.g.</u>, <u>Rosenbloom v. Gen. Nutrition Ctr., Inc.</u>, Civ. No. 09-1582 (DWF/SER) (last filing by Plaintiff in January 2012).

Plaintiff has now twice challenged this Court's judgment and proven unwilling to follow the Federal Rules of Civil Procedure or the Court's Local Rules. The Court will order that Plaintiff may not file subsequent motions in this case without first seeking the Court's permission pursuant to Local Rule 7.1(h). Finally, it appears that Plaintiff has inadvertently filed a notice setting a hearing for this matter. No such hearing was authorized and any such hearing, being unnecessary, is stricken from the Court's calendar.

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Relief from Judgment and Order [Docket No. 39] and Motion to Extend Time [Docket No. 44] are **DENIED;**

2. The hearing in this matter set for May 14, 2012 is **STRICKEN** from the Court's calendar; and

3. Before filing any further motions pertaining to the Court's February 22, 2012 Memorandum of Law & Order or February 23, 2012 Judgment,

Plaintiff shall, pursuant to Local Rule 7.1(h), request the Court's express permission to do so "by letter to the Court of no more than two pages in length, which shall be filed and served in accordance with the ECF procedures."


Dated:  April 24, 2012                                    s/ Michael J. Davis
                                                                                              Michael J. Davis
                                                                                              Chief Judge
                                                                                              United States District Court