UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J.S., K.S., C.S., and J.S.,<br>*Minors via Guardian and Parent Scott Selmer*,<br><br>    Plaintiffs,<br><br>v.<br><br>Bryn Roberts, Timothy Rodd, Saint Paul Academy and Summit School, Charles Zelle, Jill Romans, Cynthia Richter, Timothy Elchert, Anne Fiedler, Judy Johnson, Thomas Hobert, Paul Applebaum, and Dave Thomford,<br><br>    Defendants. | File No. 11-cv-1537 (MJD/TNL)<br><br><br>**REPORT<br>&<br>RECOMMENDATION** |

Scott Selmer, **Conner McAlister Selmer, LLC**, P.O. Box 385091, Minneapolis, MN 55438 (for Plaintiffs);

R. Ann Huntrods and Michael C. Wilhelm, **Briggs & Morgan, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402 (for Defendants Bryn Roberts, Timothy Rodd, Saint Paul Academy and Summit School, Charles Zelle, Jill Romans, Cynthia Richter, Timothy Elchert, Anne Fiedler, Judy Johnson, Thomas Hobert, and Dave Thomford); and

Paul Applebaum, 332 Minnesota Street Suite W 1610, Saint Paul MN, 55101(pro se on brief) and Andrew M. Irlbeck, 332 Minnesota Street Suite W-1610, Saint Paul, MN 55101 (for Defendant Paul Applebaum).

---

   This matter is before the Court, Magistrate Judge Tony N. Leung, on Defendant Paul Applebaum's Motion to Dismiss (Docket No. 63).[1] This action has been referred to

---

[1] With the exception of Defendant Applebaum, all other Defendants were previously dismissed from this lawsuit. (*See* Docket Nos. 32, 59.)

the Magistrate Judge for report and recommendation to the Honorable Michael J. Davis, Chief District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1(b). (*See* Docket No. 67). At the hearing on Applebaum's motion to dismiss, Andrew M. Irlbeck appeared on behalf of Applebaum. Scott Selmer appeared on behalf of Plaintiffs, but limited his oral argument to Plaintiffs' Motion for Leave to Amend Complaint (Docket No. 72). Plaintiffs failed to file any responsive papers to the present motion.

Based upon the record, memoranda, and arguments before the Court, **IT IS HEREBY RECOMMENDED** that Defendant's Motion be **GRANTED**, and this matter be **DISMISSED WITH PREJUDICE**.

## I.

Plaintiffs J.S., K.S., C.S., and J.S. brought this action against Defendants Saint Paul Academy and Summit School ("SPA"), multiple employees and trustees of SPA, and Applebaum for violation of their civil rights and contract rights pursuant to 42 U.S.C. §§ 1981 and 1983.

During an elementary school basketball game on January 3, 2006, an altercation took place between Applebaum and Selmer, father and attorney of the Plaintiffs. (Mem. & Order Op. at 2, Docket No. 32.) Selmer states that Applebaum was assaulting his twelve-year-old son, Plaintiff J.S., and Selmer went to J.S.'s aid. (*Id.*) Applebaum claims that Selmer struck him without provocation. (*Id.*) Selmer, Plaintiffs' father and attorney, was subsequently arrested for the incident and pleaded guilty to fifth degree assault. (*Id.*) Additionally, Applebaum successfully obtained a Harassment Restraining

Order against Selmer, barring contact with Applebaum and his children and excluding Selmer from SPA. (*Id.*)

Thereafter, Selmer alleges that Applebaum began a harassing campaign against Selmer and his children, seeking to have them expelled from SPA. (Am. Compl. ¶ 5, Docket No. 7.) Selmer further alleges that Applebaum falsely accused the Selmer children of harassing him when he encountered them at SPA. (*Id.* ¶ 6.) Selmer contends that Applebaum's actions violated Plaintiffs' civil rights and interfered with their contract rights. (*Id.* ¶ 45.)

## II.

Applebaum moves for dismissal of all the claims against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Docket Nos. 63, 64 at 2–6.) Applebaum argues that (1) he is not a state actor and therefore any conversation he had with police cannot amount to action by a state actor under color of law for purpose of § 1983; and (2) the Amended Complaint fails to allege facts showing he interfered with contract rights or took action based on race to establish a claim pursuant to § 1981. (*See* Docket No. 64 at 3–6.)

### A. Standard of Review

A party may move the Court for dismissal of a complaint if the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, the Court takes facts alleged in the complaint to be true. *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court liberally construes the pleadings of civil rights matters, but "'[s]uch pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law.'" *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (quoting *Nickens v. White,* 536 F.2d 802, 803 (8th Cir. 1976)).

**B.    § 1983 Claim**

Plaintiffs allege that their civil rights were violated by Applebaum.[2] (Am. Compl. ¶ 45.) Section 1983 protects citizens from deprivation of their rights, privileges, or immunities under the Constitution. 42 U.S.C. § 1983. When claiming a deprivation of rights under § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution was violated, and (2) the deprivation was committed by one acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The traditional inquiry in determining if a defendant acts under color of law is whether he "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). As such, a § 1983 claim only applies to state actors. *Youngblood v. Hy-Vee Food Stores, Inc.*, 160 F.3d 851, 855 (8th Cir. 2001).

Plaintiffs' claim fails to meet either element. Although a deprivation of rights is alleged, there are no facts stating which rights were violated or how the rights were

---

[2] Selmer also asserts that his own civil rights have been violated under 42 U.S.C. § 1983. (Am. Compl. ¶ 51.) But Selmer is not a named plaintiff in this case and therefore any personal § 1983 claims he may have are not before the Court.

violated. While the Amended Complaint refers to a restraining order that Applebaum obtained against *Selmer*, the Amended Complaint lacks facts showing how the acts of Applebaum in obtaining the restraining order or the issuance of it against Selmer violated *Plaintiffs'* civil rights.

Nor do Plaintiffs allege any facts demonstrating that Applebaum is a state actor or acted under color of law. Applebaum is a private attorney and does not work for any government agency. (Applebaum Aff. ¶¶ 1–2, Docket No. 65). Applebaum elected to obtain a restraining order against Selmer following the incident. But when a party exercises a choice permitted by state law—and the initiative in making that choice is the party's and not the State's—that action is not considered State action. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 949-50 (1982). Here, no facts are alleged showing that Applebaum's restraining order was anything more than action taken by a private citizen of his own accord against the person, Plaintiffs' father and attorney, who has pleaded guilty to fifth-degree assault. In short, Plaintiffs also fail to meet this element.

Plaintiffs have failed to plead sufficient facts that would allow this Court to infer reasonably that Applebaum is a state actor liable for the deprivations alleged. *See Iqbal*, 556 U.S. at 678. The Amended Complaint provides nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Therefore, this Court recommends that Plaintiffs' § 1983 claim against Applebaum be dismissed.

## C. § 1981 Claim

Plaintiffs also claim that Applebaum breached their contract rights in violation of 42 U.S.C. § 1981. (Am. Compl. ¶ 45.) Unlike a claim brought under § 1983, a § 1981 claim does not require that the wrongdoer act under color of law. Instead, facts must be alleged to show the following four elements: "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009).

Plaintiffs allege that Applebaum has interfered with their contractual rights. (Am. Compl. ¶ 45.) Further, Plaintiffs allege that Applebaum wanted to have them expelled from SPA. (*Id.* ¶ 5.)

Plaintiffs are members of a protected class. Assuming for the purposes of this motion only that Plaintiffs have pleaded facts showing that Applebaum interfered with Plaintiffs' contractual relationship with SPA and ability to attend the school of their choosing, Plaintiffs' § 1981 claims nonetheless fail because nowhere do Plaintiffs allege that Applebaum acted with racial animus. Any animosity between the parties appears to stem from the incident at the basketball game in 2006. The Amended Complaint is devoid of any factual allegations that acts taken by Applebaum were racially motivated or spurred by an intent to discriminate against the Plaintiffs on the basis of race.

Without any allegations that Applebaum had a discriminatory intent in interfering with Plaintiffs' contractual rights, Plaintiffs' cannot make a showing of all the elements

required for a § 1981 claim. Therefore, this Court recommends that the § 1981 claim against Applebaum also be dismissed.

## III.

For the reasons set forth above, and based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss the Complaint (Docket No. 63) **BE GRANTED**; and

2. This matter **BE DISMISSED WITH PREJUDICE**.


Date: November   27  , 2013                    *s/ Tony N. Leung*
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               for the District of Minnesota

                                               *J.S. et al. v. Bryn Roberts, et al.*
                                               File No. 11-cv-1537 (MJD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. The Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **December 16, 2013**.